UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| Barbara S. LEWIS ) | |
| ) | |
|     Plaintiff ) | |
| ) | |
| v. ) | Case No. 2:07-cv-18 MHT |
| ) | |
| UNITED STATES of America ) | Demand for Jury Trial |
| ) | |
|     Defendant ) | |

**BRIEF SUPPORTING SUMMARY JUDGMENT
FOR PLAINTIFF**

**I.   Standard of Review**

The Plaintiff is entitled to a summary judgment in her favor "forthwith if the pleadings . . . together with the affidavits, if any, show that there is no genuine issue as to any material fact and that [she] is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c); *Jackson v. Hennessey Auto,* 190 Fed. Appx. 765, 766, 2006 U.S. App. LEXIS 17198 at *2 (11th Cir., Jul. 10, 2006). "A party moving for summary judgment has the burden of showing that there is no genuine issue of fact." *Id.*

## II.   Undisputed Facts

The Plaintiff herein is Barbara A. Lewis. *Lewis aff., p. 1, ¶1*. At all times material to this action, she resided in Autauga County, Alabama, within the jurisdiction of the United States District Court for the Middle District of Alabama. *Lewis aff., p.1, ¶1*.

Barbara A. Lewis filed an income tax return for the 2003 tax year on Form 1040A as an unmarried head of household. *Lewis aff., p. 2, ¶3, Ex. 1*. The return reflected the true, correct and accurate amounts and sources of her income. *Lewis aff., p.2, ¶3*. The return was filed on or before July 3, 2006. *Lewis aff., p. 3, ¶7, Ex. 2 (Supporting Documents)*.

Barbara A. Lewis' 2003 tax return claimed a refund of $325 withheld from her wages and $2,570 due her for an earned income credit. *Lewis aff., p. 2, ¶4, Ex. 1 (line 41)*. The Internal Revenue Service allowed a credit against earlier tax liabilities for $325, but denied her the earned income credit. *Lewis aff., P. 4, ¶12, ¶13, Ex. 7; Ex. 8*.

During 2003, Barbara A. Lewis had two daughters who lived with her for the entire year. *Lewis aff., p. 2, ¶5, Ex. 1 (page 27); Ex. 4; Ex. 5*. Both daughters were under 19 years of age. *Lewis aff., p. 2, ¶5, Ex. 4; Ex. 5*. No other person qualified to use these children to claim an earned income credit. *Lewis aff., p. 5, ¶15*.

According to the instructions published by the Internal Revenue Service, the correct earned income credit that Barbara A. Lewis could claim based on the facts stated is $2,570. *Sizemore aff., pp. 1-2, ¶ 4, attached EIC tables.*

### III.    Argument

Eligibility for an earned income credit is controlled by 26 U.S.C. §32. Barbara A. Lewis attaches a copy of that section as an Appendix to this brief. Both of Barbara A. Lewis' children meet the definition of "qualifying child" for purposes of her claim for earned income credit. *Lewis aff., p. 4, ¶14.* "A 'qualifying child' includes a child who satisfies the relationship test, has the same principal place of abode as the taxpayer for more than one-half of the taxable year (residency requirement), and has not attained the age of 19 as of the close of the calendar year (age requirement)." *Coats v. Comm'r,* 2003 Tax Ct. Memo LEXIS 78, at *3-4 (Mar. 18, 2003). Both children are Barbara Lewis' natural daughters. 26 U.S.C. §152(c)(2)(A). Both are under 19 years of age. 26 U.S.C. §152(c)(3)(A)(i).

"The term 'eligible individual' includes a taxpayer who has a qualifying child for the taxable year." *Coats v. Comm'r,* 2003 Tax Ct. Memo LEXIS 78, at *3. Since Barbara A. Lewis' children are qualifying children,

3

she is an "eligible individual." 26 U.S.C. §32(c)(1)(A)(i). As an "eligible individual," Barbara A. Lewis is entitled to an earned income credit. 26 U.S.C. §32(a)(1). "An eligible individual is allowed an earned income credit for the taxable year in an amount equal to the credit percentage of so much of the taxpayer's earned income as does not exceed the earned income amount." *Rogers v. Comm'r,* 2004 Tax Ct. Memo LEXIS 257, at *3 (Oct. 27, 2004).

"Earned income includes wages. . . ." *Id.* Her income was "earned income." 26 U.S.C. §32(c)(2)(A)(i). The amount of her earned income credit is determinable from tables prepared by the Internal Revenue Service. 26 U.S.C. §32(f). The tables yield an earned income credit due to Barbara A. Lewis of $2,570. *Sizemore aff., pp. 1-2, ¶4, attached EIC tables.*

[Left Blank Intentionally]

## IV. Conclusion

The Answer to the complaint and the affidavits of Barbara A. Lewis and James M. Sizemore, Jr., reveal that there is no genuine issue as to any material fact and that Barbara A. Lewis is entitled to a judgment as a matter of law for a tax refund or a credit of $2,570 plus interest for her 2003 tax year.

**/s/ James M. Sizemore, Jr.**
JAMES M. SIZEMORE, JR. (SIZ001)
Attorney for Plaintiff
792 Commerce Drive, Suite 104
Alexander City, AL  35010
256/409-1985; Fax 256/409-1987
jamessizemore@charter.net

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that, on this the 11th day of April, 2007, I served a copy of the foregoing **Motion for Summary Judgment** with the Clerk of the Court using the CM/ECF system that will send notice to the following:

Honorable Gregory L. Jones, Esq.
Trial Attorney, Tax Division
U.S. Department of Justice

**/s/ James M. Sizemore, Jr.**
James M. Sizemore, Jr., Of Counsel

# APPENDIX

## 26 U.S.C. § 32. Earned income

**(a) Allowance of credit**
    **(1) In general**
In the case of an eligible individual, there shall be allowed as a credit against the tax imposed by this subtitle for the taxable year an amount equal to the credit percentage of so much of the taxpayer's earned income for the taxable year as does not exceed the earned income amount.
    **(2) Limitation**
The amount of the credit allowable to a taxpayer under paragraph (1) for any taxable year shall not exceed the excess (if any) of—
        **(A)** the credit percentage of the earned income amount, over
        **(B)** the phaseout percentage of so much of the adjusted gross income (or, if greater, the earned income) of the taxpayer for the taxable year as exceeds the phaseout amount.
**(b) Percentages and amounts**
For purposes of subsection (a)—
    **(1) Percentages**
The credit percentage and the phaseout percentage shall be determined as follows:
        **(A) In general**
In the case of taxable years beginning after 1995:

| In the case of an eligible individual with: | The credit percentage is: | The phaseout percentage is: |
|---|---|---|
| 1 qualifying child | 34 | 15.98 |
| 2 or more qualifying children | 40 | 21.06 |
| No qualifying children | 7.65 | 7.65 |

        **(B) Transitional percentages for 1995**
In the case of taxable years beginning in 1995:

| In the case of an eligible individual with: | The credit percentage is: | The phaseout percentage is: |
|---|---|---|
| 1 qualifying child | 34 | 15.98 |
| 2 or more qualifying children | 36 | 20.22 |
| No qualifying children | 7.65 | 7.65 |

        **(C) Transitional percentages for 1994**
In the case of a taxable year beginning in 1994:

1

| In the case of an eligible individual with: | The credit percentage is: | The phaseout percentage is: |
| --- | --- | --- |
| 1 qualifying child | 26.3 | 15.98 |
| 2 or more qualifying children | 30 | 17.68 |
| No qualifying children | 7.65 | 7.65 |

   (2) **Amounts**
      (A) **In general**
   Subject to subparagraph (B), the earned income amount and the phaseout amount shall be determined as follows:

| In the case of an eligible individual with: | The earned income amount is: | The phaseout amount is: |
| --- | --- | --- |
| 1 qualifying child | $6,330 | $11,610 |
| 2 or more qualifying children | $8,890 | $11,610 |
| No qualifying children | $4,220 | $5,280 |

      (B) **Joint returns**
   In the case of a joint return filed by an eligible individual and such individual's spouse, the phaseout amount determined under subparagraph (A) shall be increased by—
      (i) $1,000 in the case of taxable years beginning in 2002, 2003, and 2004,
      (ii) $2,000 in the case of taxable years beginning in 2005, 2006, and 2007, and
      (iii) $3,000 in the case of taxable years beginning after 2007.
(c) **Definitions and special rules**
For purposes of this section—
   (1) **Eligible individual**
      (A) **In general**
   The term "eligible individual" means—
      (i) any individual who has a qualifying child for the taxable year, or
      (ii) any other individual who does not have a qualifying child for the taxable year, if—
         (I) such individual's principal place of abode is in the United States for more than one-half of such taxable year,
         (II) such individual (or, if the individual is married, either the individual or the individual's spouse) has attained age 25 but not attained age 65 before the close of the taxable year, and
         (III) such individual is not a dependent for whom a deduction is allowable under section 151 to another taxpayer for any taxable year beginning in the same calendar year as such taxable year.
   For purposes of the preceding sentence, marital status shall be determined under section 7703.
      (B) **Qualifying child ineligible**

If an individual is the qualifying child of a taxpayer for any taxable year of such taxpayer beginning in a calendar year, such individual shall not be treated as an eligible individual for any taxable year of such individual beginning in such calendar year.

**(C) Exception for individual claiming benefits under section 911**

The term "eligible individual" does not include any individual who claims the benefits of section 911 (relating to citizens or residents living abroad) for the taxable year.

**(D) Limitation on eligibility of nonresident aliens**

The term "eligible individual" shall not include any individual who is a nonresident alien individual for any portion of the taxable year unless such individual is treated for such taxable year as a resident of the United States for purposes of this chapter by reason of an election under subsection (g) or (h) of section 6013.

**(E) Identification number requirement**

No credit shall be allowed under this section to an eligible individual who does not include on the return of tax for the taxable year—

 **(i)** such individual's taxpayer identification number, and
 **(ii)** if the individual is married (within the meaning of section 7703), the taxpayer identification number of such individual's spouse.

**(F) Individuals who do not include TIN, etc., of any qualifying child**

No credit shall be allowed under this section to any eligible individual who has one or more qualifying children if no qualifying child of such individual is taken into account under subsection (b) by reason of paragraph (3)(D).

**(2) Earned income**

 **(A)** The term "earned income" means—
  **(i)** wages, salaries, tips, and other employee compensation, but only if such amounts are includible in gross income for the taxable year, plus
  **(ii)** the amount of the taxpayer's net earnings from self-employment for the taxable year (within the meaning of section 1402 (a)), but such net earnings shall be determined with regard to the deduction allowed to the taxpayer by section 164 (f).
 **(B)** For purposes of subparagraph (A)—
  **(i)** the earned income of an individual shall be computed without regard to any community property laws,
  **(ii)** no amount received as a pension or annuity shall be taken into account,
  **(iii)** no amount to which section 871 (a) applies (relating to income of nonresident alien individuals not connected with United States business) shall be taken into account,
  **(iv)** no amount received for services provided by an individual while the individual is an inmate at a penal institution shall be taken into account,
  **(v)** no amount described in subparagraph (A) received for service performed in work activities as defined in paragraph (4) or (7) of section 407(d) of the Social Security Act to which the taxpayer is assigned under any State program under part A of title IV of such Act shall be taken into account, but only to the extent such amount is subsidized under such State program, and
  **(vi)** in the case of any taxable year ending—
   **(I)** after the date of the enactment of this clause, and
   **(II)** before January 1, 2006,

3

    a taxpayer may elect to treat amounts excluded from gross income by reason of section 112 as earned income.
  **(3) Qualifying child**
   **(A) In general**
  The term "qualifying child" means a qualifying child of the taxpayer (as defined in section 152 (c), determined without regard to paragraph (1)(D) thereof and section 152 (e)).
   **(B) Married individual**
  The term "qualifying child" shall not include an individual who is married as of the close of the taxpayer's taxable year unless the taxpayer is entitled to a deduction under section 151 for such taxable year with respect to such individual (or would be so entitled but for section 152 (e)).
   **(C) Place of abode**
  For purposes of subparagraph (A), the requirements of section 152 (c)(1)(B) shall be met only if the principal place of abode is in the United States.
   **(D) Identification requirements**
    **(i)** In general A qualifying child shall not be taken into account under subsection (b) unless the taxpayer includes the name, age, and TIN of the qualifying child on the return of tax for the taxable year.
    **(ii)** Other methods The Secretary may prescribe other methods for providing the information described in clause (i).
  **(4) Treatment of military personnel stationed outside the United States**
For purposes of paragraphs (1)(A)(ii)(I) and (3)(C), the principal place of abode of a member of the Armed Forces of the United States shall be treated as in the United States during any period during which such member is stationed outside the United States while serving on extended active duty with the Armed Forces of the United States. For purposes of the preceding sentence, the term "extended active duty" means any period of active duty pursuant to a call or order to such duty for a period in excess of 90 days or for an indefinite period.
**(d) Married individuals**
In the case of an individual who is married (within the meaning of section 7703), this section shall apply only if a joint return is filed for the taxable year under section 6013.
**(e) Taxable year must be full taxable year**
Except in the case of a taxable year closed by reason of the death of the taxpayer, no credit shall be allowable under this section in the case of a taxable year covering a period of less than 12 months.
**(f) Amount of credit to be determined under tables**
  **(1) In general**
  The amount of the credit allowed by this section shall be determined under tables prescribed by the Secretary.
  **(2) Requirements for tables**
The tables prescribed under paragraph (1) shall reflect the provisions of subsections (a) and (b) and shall have income brackets of not greater than $50 each—
   **(A)** for earned income between $0 and the amount of earned income at which the credit is phased out under subsection (b), and
   **(B)** for adjusted gross income between the dollar amount at which the phaseout begins under subsection (b) and the amount of adjusted gross income at which the credit is phased out under subsection (b).
**(g) Coordination with advance payments of earned income credit**
  **(1) Recapture of excess advance payments**

4

If any payment is made to the individual by an employer under section 3507 during any calendar year, then the tax imposed by this chapter for the individual's last taxable year beginning in such calendar year shall be increased by the aggregate amount of such payments.
**(2) Reconciliation of payments advanced and credit allowed**
Any increase in tax under paragraph (1) shall not be treated as tax imposed by this chapter for purposes of determining the amount of any credit (other than the credit allowed by subsection (a)) allowable under this part.
**[(h) Repealed. Pub. L. 107–16, title III, §□303(c), June 7, 2001, 115 Stat. 55]**
**(i) Denial of credit for individuals having excessive investment income**
   **(1) In general**
No credit shall be allowed under subsection (a) for the taxable year if the aggregate amount of disqualified income of the taxpayer for the taxable year exceeds $2,200.
   **(2) Disqualified income**
For purposes of paragraph (1), the term "disqualified income" means—
      **(A)** interest or dividends to the extent includible in gross income for the taxable year,
      **(B)** interest received or accrued during the taxable year which is exempt from tax imposed by this chapter,
      **(C)** the excess (if any) of—
         **(i)** gross income from rents or royalties not derived in the ordinary course of a trade or business, over
         **(ii)** the sum of—
            **(I)** the deductions (other than interest) which are clearly and directly allocable to such gross income, plus
            **(II)** interest deductions properly allocable to such gross income,
      **(D)** the capital gain net income (as defined in section 1222) of the taxpayer for such taxable year, and
      **(E)** the excess (if any) of—
         **(i)** the aggregate income from all passive activities for the taxable year (determined without regard to any amount included in earned income under subsection (c)(2) or described in a preceding subparagraph), over
         **(ii)** the aggregate losses from all passive activities for the taxable year (as so determined).
   For purposes of subparagraph (E), the term "passive activity" has the meaning given such term by section 469.
**(j) Inflation adjustments**
   **(1) In general**
In the case of any taxable year beginning after 1996, each of the dollar amounts in subsections (b)(2) and (i)(1) shall be increased by an amount equal to—
      **(A)** such dollar amount, multiplied by
      **(B)** the cost-of-living adjustment determined under section 1 (f)(3) for the calendar year in which the taxable year begins, determined—
         **(i)** in the case of amounts in subsections (b)(2)(A) and (i)(1), by substituting "calendar year 1995" for "calendar year 1992" in subparagraph (B) thereof, and
         **(ii)** in the case of the $3,000 amount in subsection (b)(2)(B)(iii), by substituting "calendar year 2007" for "calendar year 1992" in subparagraph (B) of such section 1.
   **(2) Rounding**

5

      **(A) In general**
      If any dollar amount in subsection (b)(2)(A) (after being increased under subparagraph (B) thereof), after being increased under paragraph (1), is not a multiple of $10, such dollar amount shall be rounded to the nearest multiple of $10.
      **(B) Disqualified income threshold amount**
      If the dollar amount in subsection (i)(1), after being increased under paragraph (1), is not a multiple of $50, such amount shall be rounded to the next lowest multiple of $50.
**(k) Restrictions on taxpayers who improperly claimed credit in prior year**
    **(1) Taxpayers making prior fraudulent or reckless claims**
      **(A) In general**
      No credit shall be allowed under this section for any taxable year in the disallowance period.
      **(B) Disallowance period**
      For purposes of paragraph (1), the disallowance period is—
        **(i)** the period of 10 taxable years after the most recent taxable year for which there was a final determination that the taxpayer's claim of credit under this section was due to fraud, and
        **(ii)** the period of 2 taxable years after the most recent taxable year for which there was a final determination that the taxpayer's claim of credit under this section was due to reckless or intentional disregard of rules and regulations (but not due to fraud).
    **(2) Taxpayers making improper prior claims**
In the case of a taxpayer who is denied credit under this section for any taxable year as a result of the deficiency procedures under subchapter B of chapter 63, no credit shall be allowed under this section for any subsequent taxable year unless the taxpayer provides such information as the Secretary may require to demonstrate eligibility for such credit.
**(l) Coordination with certain means-tested programs**
For purposes of—
    **(1)** the United States Housing Act of 1937,
    **(2)** title V of the Housing Act of 1949,
    **(3)** section 101 of the Housing and Urban Development Act of 1965,
    **(4)** sections 221(d)(3), 235, and 236 of the National Housing Act, and
    **(5)** the Food Stamp Act of 1977,
any refund made to an individual (or the spouse of an individual) by reason of this section, and any payment made to such individual (or such spouse) by an employer under section 3507, shall not be treated as income (and shall not be taken into account in determining resources for the month of its receipt and the following month).
**(m) Identification numbers**
Solely for purposes of subsections (c)(1)(E) and (c)(3)(D), a taxpayer identification number means a social security number issued to an individual by the Social Security Administration (other than a social security number issued pursuant to clause (II) (or that portion of clause (III) that relates to clause (II)) of section 205(c)(2)(B)(i) of the Social Security Act).